DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, following a plea of no contest to the charge of attempted gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2923.02 and R.C. 2907.05(A)(4), sentenced appellant to 16 months in state prison and found by clear and convincing evidence that appellant is a child-victim offender. Appellant appeals the sentence imposed by the trial court and raises the following sole assignment of error:
 {¶ 2} "The court erred to the prejudice of appellant in sentencing him to a term of incarceration and for a term exceeding the statutory minimum, for a first felony offense."
 {¶ 3} This case is controlled by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, which held several of Ohio's sentencing statutes[1] unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296, and ordered them severed from the Ohio Revised Code. With respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing.Foster at ¶ 103 and ¶ 104.
 {¶ 4} Upon remand, the trial court shall consider those portions of the sentencing code that are unaffected by the decision in Foster. Id. at ¶ 105. Trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range. Id. at ¶ 100.
 {¶ 5} In this case, the trial court relied on R.C. 2929.14(B) when sentencing appellant to more than the shortest prison term possible. This section has been held unconstitutional by the Ohio Supreme Court in Foster. Accordingly, although appellant's sentence was in compliance with R.C. 2929.14(A), based on the Ohio Supreme Court's ruling in Foster, appellant's sentence is void and must be vacated. Appellant's sole assignment of error is therefore found well-taken.
 {¶ 6} The judgment of the Lucas County Court of Common Pleas is therefore reversed. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.
[1] Foster holds that the following statutory sections are unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A).